United States of America, | Case No: 2:23-cr-210-ALM

v. |

Ousmane Kone (1) | Chief Judge Algenon L. Marbley

| Plain Error Within
| Indictment Motion

    Now comes movent Ousmane Kone with this motion pursuant to Fed. R. Crim. P. 52(b). The Federal Rules of Criminal Procedure 52(b) declares "A plain error that affects substential rights may be considered even though it was not brought to the court's attention."

    On October 26, 2023 the defendant Ousmane Kone was indicted in the S.D. Of Ohio. Count 2 of the Indictment charges the defendant Kone with allegedly "Engaging in the Business of Selling Firearms without a license." Furthermore Count 2 charges the defendant with Violating 18 U.S.C. 922(a)(1)(A) and 924(a)(1)(D).

    The Government has not only failed to meet their burden of Count 2, but also has not provided any clear and convincing evidence of the defendant Kone having violated 18 U.S.C. 922(a)(1)(A) nor 924(a)(1)(D). I will also note that Kone is not a felon, nor was he barred in any way from lawfully and legally being able to

possess, sell, lend, buy, carry, hunt, sport, and collect firearms.
Prior to this current on-going Indictment, the defendant
Kone was entitled to the Firearm Owner's protection
Act of 1986, which exempts him from the term
"Engaging in the business of selling firearms without a
license." Furthermore, due to the defendant having been
entitled to the Firearm owner's protection Act of 1986,
he is not entitled to obtain a license to sell, buy, nor
collect firearms.

The United States Government has failed to
prove that Kone violated neither 922(a)(1)(A) or 924(a)(1)(i)
. The government has not proved their burden of Kone
ever selling anyone outside the State of Ohio any firearm.
Instead the government relies on uncorroborated statements
of Kone's alleged codefendant Griffin, whom himself has an
extensive paper trail stretching back to the year 2016,
which clearly indicates Griffin has engaged in the business
of selling and purchasing mass quantity of firearms in
short periods of time. I will also note Griffin has a
high amount of firearms that are registered to him
that has ended up in numerous gun crime recoveries
all unrelated to the other in states other than Ohio, in
Ohio, and out of the United States, which stretches
back consecutively to the year 2016.

Count 2 should be dismissed with prejudice, due to
it's plain errors, which ultimately affects and violate
Kone's constitutional right, along with his other rights entitled
to him, pursuant to the 14th Amendment.

page
3 of 4

Count One Of the Indictment is not only recklessly False, but the government has also failed to prove their burden. There is no agreement with Ousmane Kone and anyone to conspire to do anything. There is no evidence of Kone Violating 18 U.S.C sec. 922(a)(5), nor 18 U.S.C sec 922(a)(6), 924(a)(2), or 2(a). The government solely relies on Kone's alleged codefendant. Kone's indictment is approximately three months, but his codefendant has engaged in the unlawful conduct mentioned in the Indictment over the period of seven years, without being detected by law enforcement.

The Indictment in whole is misleading and mainly targets Kone. The Indictment has aided the government of Violating Kone's Due Process rights, by wrongfully being used to detain Kone for alleged crimes he has not committed.

Forfeiture Allegation A, falsley indicates that the firearms unlawfully seized from Kone's residence were somehow involved in or used in a Offense. The firearms were lawfully in Kone's residence, which is not a crime, nor unlawful. Kone was a citizen entitled to firearms at the time of the raid. The Firearm Owner's protection Act of 1986 applies in this case.

With all the facts presented I ask the Court to dismiss the defendant Ousmane Kone from the Indictment, which is not only false but violates his rights, which he is entitled to.

Respectfully submitted,