# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
|     **Plaintiff,** : | CASE NO. 2:23-cr-210(1) |
| : | |
| v. : | JUDGE ALGENON L. MARBLEY |
| : | |
| OUSMANE KONE, : | |
| : | |
|     **Defendant.** : | |

### OPINION & ORDER

This matter comes before this Court on Defendant Ousmane Kone's Motion to Dismiss the Original Indictment under the Speedy Trial Act ("Motion"). (ECF No. 79). For the reasons stated below, the Motion is **DENIED**.

### I.    BACKGROUND

On October 26, 2023, a federal grand jury indicted Mr. Kone and co-defendant Sema'J Anttwon Griffin on six counts of firearms-related offenses. (ECF No. 5). Of those counts, Mr. Kone was charged with conspiracy to transfer firearms illegally, in violation of 18 U.S.C. § 371 (Count 1); with engaging in the business of selling firearms without a license, in violation of 18 U.S.C. §§ 922(a)(1)(A) and 924(a)(1)(D) (Count 2); and with aiding and abetting a false statement during purchase of a firearm, in violation of 18 U.S.C. §§ 922(a)(6), 924(a)(2), 2(a) (Count 6). (ECF No. 5). On November 8, 2023, Mr. Kone mad his initial appearance before Magistrate Judge Elizabeth Preston Deavers and pled not guilty to all three charges. (ECF No. 9). Because Mr. Kone was indigent, he was appointed counsel by way of Ms. Rosana Brown, from the Federal Public Defender's Office, pursuant to the Criminal Justice Act ("CJA"). Mr. Kone was subsequently arraigned, and trial was set for January 16, 2024. (ECF Nos. 14, 15).

Magistrate Judge Deavers held a detention hearing on November 13, 2023. (ECF Nos. 16, 20). Based on the evidence, proffers, and argument presented at the hearing, Mr. Kone was ordered detained. (*See* ECF No. 20). As set forth in the Detention Order, the Magistrate Judge found that the Government has proven "[b]y clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community," and proven "[b]y a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required." (*Id.*). The Magistrate Judge further reasoned that the weight of evidence against Mr. Kone was strong; that he would be subject to a lengthy period of incarceration if convicted; that he lacks stable residence and significant community or family ties to this district; that he has used alias(es) or false documents; and that his background information is unknown or unverified. (*Id.*).

About two weeks later, on November 28, 2023, Mr. Kone's co-defendant, Mr. Griffin, made his initial appearance before the Court and his trial date was set to begin with Mr. Kone in January 2024 (ECF Nos. 21, 28). The next day, this Court received a letter from Mr. Kone discussing, among other things, his displeasure with Ms. Brown. (ECF No. 29). On November 30, 2023, Ms. Brown requested a six-month continuance of the trial date, stating that "Mr. Kone consents to this request for a continuance and agrees that the additional time is required to mount an effective defense, to ascertain what pretrial motions will be necessary after a review of all the discovery in the case, and to prepare for jury trial." (ECF No. 25).

Ms. Brown did not receive Mr. Kone's first letter until December 7, 2023, after which she met with Mr. Kone via video conference. (*See* ECF No. 34). According to Ms. Brown, Mr. Kone "unequivocally stated" that he would like for Ms. Brown and the Office of the Federal Public Defender (FPD) to continue to represent him. (*Id.*). But on December 13, 2023, this Court received another letter from Mr. Kone—dated December 7, 2023—requesting that he be appointed a new

2

attorney. (ECF No. 31). This Court treated the letter as a *pro se* motion to appoint new counsel. (*See* ECF Nos. 31, 44). Ms. Brown simultaneously moved to withdraw as counsel. (ECF No. 34).

Meanwhile, the same day, Mr. Griffin moved for a continuance of his trial date. (ECF No. 33). This Court granted both Mr. Kone and Mr. Griffin's continuance requests in the same order, on December 14, 2023, and rescheduled trial to begin on July 22, 2024 (ECF No. 35). As to Mr. Kone and Ms. Brown's representation concerns, this Court scheduled an *ex-parte* hearing for January 23, 2024. (ECF Nos. 37, 39).

A week before the *ex parte* hearing, this Court received another letter from Mr. Kone stating that he had not timely received notice of the trial continuance order. (ECF No. 40 (SEALED)). At the *ex parte* hearing, both Mr. Kone and Ms. Brown were given the opportunity to explain their perspective on the attorney-client relationship. (See ECF No. 41 (SEALED)). Based on the record at that time, this Court determined that their differences were not irreconcilable, and that the attorney-client relationship was not irreparably broken. (*See id.*; ECF No. 44 (SEALED)). Accordingly, this Court orally denied the motions.

On March 27, 2024, Ms. Brown filed a second motion to withdraw as counsel (ECF No. 42), which Mr. Kone followed with another motion to appoint new counsel (ECF No. 43). This Court granted the motions on April 10, 2024, and a new CJA attorney, Mr. Larry Thomas, was appointed as Mr. Kone's defense counsel. (*See* ECF No. 44 (SEALED)).

In the first week of May 2024, this Court received two letters from Mr. Kone, expressing concerns at the length of his pretrial detention under the Speedy Trial Act and Mr. Thomas's representation. (ECF Nos. 47, 48 (SEALED)). On June 4, 2024, Mr. Griffin entered a plea agreement. (ECF No. 49). The next day, Mr. Thomas filed a motion on Mr. Kone's behalf to continue the trial date, stating that he "has had several personnel issues arise that have effected [sic] his ability to be prepared for trial in this matter," and further represented that "Mr. Kone is

3

aware of his rights under the Speedy Trial Act and has agreed to waive those rights for the purpose of the requested continuance." (ECF No. 50). On June 12, 2024, this Court granted the motion to continue, rescheduling trial to begin on December 2, 2024 (ECF No. 52). Shortly thereafter, Mr. Kone filed two *pro se* motions, including a motion to revoke the Detention Order (ECF No. 53), and a motion to suppress evidence seized pursuant to a state warrant (ECF No. 54). Denying the motions as improper because Mr. Kone was not a *pro se* litigant, this Court directed Mr. Kone to "make any future motions and submit any additional letters . . . through his counsel." (ECF No. 57). Mr. Kone, however, proceeded to file seven more *pro se* motions: a motion for document discovery (ECF No. 57); a motion to dismiss the indictment under Fed. R. Crim. P. 48 (ECF No. 59); a motion to proceed *pro se* (ECF No. 61); a motion to remove counsel (ECF No. 64), a motion to sever his trial from his co-defendant's trial (ECF No. 65); a motion for an in-person status conference (ECF No. 66); a second motion to proceed *pro se* (ECF No. 68); and a third motion to proceed *pro se* (ECF No. 72).

Granting Mr. Kone's motion for a status conference, this Court held a hearing on September 11, 2024, and addressed Mr. Kone's motions to proceed *pro se*. (*See* ECF Nos. 76–78). As required by *Faretta v. California*, 422 U.S. 806 (1975), this Court conducted a formal, searching inquiry to ensure that Mr. Kone's request to represent himself and waive counsel was knowing, intelligent, and voluntary. (*See* ECF Nos. 77, 78). In a written ruling that followed, this Court granted Mr. Kone's motions to proceed *pro se* and appointed Mr. Michael J. Hunter to serve as Mr. Kone's standby counsel. (ECF No. 78). Pursuant to the parties' discussions at the hearing, trial was rescheduled to December 30, 2024.

Following the *Faretta* hearing, Mr. Kone filed the following motions *pro se*: a motion to dismiss the indictment as violating the Speedy Trial Act (ECF No. 79); a motion for supplemental discovery (ECF No. 80); a motion to suppress evidence (ECF No. 83); a motion for

4

reconsideration of this Court's previous denial of his motions to revoke the Detention Order and suppress evidence (ECF No. 84); a renewed motion to revoke the Detention Order (ECF No. 87), a motion requesting detention hearing transcripts (ECF No. 87); and a motion to dismiss the indictment under Fed. R. Crim. 52(b). (ECF No. 88). On September 25, 2024, the Government opposed Mr. Kone's Motion to Dismiss under the Speedy Trial Act. (ECF No. 82).

On October 9, 2024, a Superseding Indictment was returned, elaborating on the charges in the original indictment and charging Mr. Kone with an additional count of distribution and receipt of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) & (b)(l). (ECF No. 90). On October 16, 2024, the Government responded to Mr. Kone's arguments seeking suppression of evidence, specifically as raised in his renewed motion to suppress (ECF No. 83) and his motion for reconsideration (ECF No. 84). (*See* ECF No. 93). That same day, Mr. Kone filed a "Judicial Notice of Facts Pertaining to the Insufficient Evidence to Sustain Convictions of Counts One, Two, and Six by Ousmane Kone" (ECF No. 94).

On October 22, 2024, Mr. Kone was arraigned on the Superseding Indictment. (ECF No. 98). Prior to his arraignment, he filed a motion requesting a transcript of the *Faretta* hearing held on September 11, 2024 (ECF No. 95 (citing ECF No. 78)); a motion requesting a transcript of the grand jury proceedings (ECF No. 96); and a motion to compel the discovery sought in his prior motion for supplemental discovery (ECF No. 97 (citing ECF No. 80)). Following the arraignment, Mr. Kone filed a motion to dismiss the child pornography count in his Superseding Indictment for lack of subject matter jurisdiction (ECF No. 99).

## II. LAW & ANALYSIS

As outlined above, the Government has responded to only three of Mr. Kone's currently pending motions (ECF No. 79, 83, 86). Accordingly, only those motions are ripe for review. This

5

Order addresses the Motion to Dismiss under the Speedy Trial Act (ECF No. 79). Mr. Kone's motions seeking suppression of evidence (ECF Nos. 83, 86) will be addressed by separate order.

As set forth in his Motion to Dismiss under the Speedy Trial Act (ECF No. 79), Mr. Kone argues that the charges in the original indictment are subject to dismissal because his trial date has been delayed beyond the 70-day time limit provided by the Speedy Trial Act. Specifically, he asserts that the three continuances granted in this case (ECF Nos. 25, 33, 50) are not "excludable" for speedy trial purposes, because he did not consent to them, and they did not serve the "ends of justice" under 18 U.S.C. § 3161(h)(7). (ECF No. 79). The Government responds that the speedy trial clock began to run when Mr. Kone's codefendant, Mr. Griffin, appeared for his initial appearance on November 28, 2023, and it was tolled upon with Mr. Kone's first Motion to Continue (ECF No. 25), filed on November 30, 2023. (*See* ECF No. 82). The Government thus contends that only two days have expired on the Speedy Trial clock. (*Id.*).

The Speedy Trial Act provides that, in "any case in which a plea of not guilty is entered, the trial . . . shall commence within seventy days" from the later of (1) the "filing date" of the indictment, or (2) a defendant's first appearance before a judicial officer. 18 U.S.C. § 3161(c). Certain enumerated pretrial delays, however, are excluded from this 70-day limit including, as relevant here, any delay "resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," 18 U.S.C. § 3161(h)(1), and any delay "resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7). When granting an ends-of-justice continuance, courts consider—among other factors—the potential for a miscarriage of justice and counsel's need for adequate preparation. *See* 18 U.S.C. § 3161(h)(7)(B). Ultimately,

"whether to grant a continuance, along with the related decisions of whether to exclude periods of delay under the Speedy Trial Act, are matters entrusted to the sound discretion of the district court." *United States v. Martin*, Case No. 2:14-CR-126-3, 11 (S.D. Ohio Jan. 21, 2015). Excludable delay of one co-defendant, moreover, "may be ascribed to all defendants." *United States v. Blackmon*, 874 F.2d 378, 380 (6th Cir. 1989).

The Government is correct that the clock under the Speedy Trial Act started to run on the day that Mr. Kone's co-defendant, Mr. Griffin, made his initial appearance on November 28, 2023. *See United States v. Cope*, 312 F.3d 757, 776 (6th Cir.2002) ("Where . . . multiple defendants are charged together and no severance has been granted, one speedy trial clock governs." (citing 18 U.S.C. § 3161(h)(7))); *Henderson v. United States*, 476 U.S. 321, 323 n.2 (1986) ("All defendants who are joined for trial generally fall within the speedy trial computation of the latest codefendant.").

As to the continuances, the first request was filed on Mr. Kone's behalf two days later on November 28, 2023, seeking additional time to allow his defense counsel to prepare adequately for trial. (*See e.g.*, ECF No. 25 (explaining that additional time is needed for counsel "to mount an effective defense, to ascertain what pretrial motions will be necessary after a review of all the discovery in the case, and to prepare for jury trial"). The second request to continue the trial date was filed by his co-defendant, Mr. Griffin, on December 13, 2023, likewise seeking additional time for trial preparation. (*See* ECF No. 33 (stating that additional time is needed "to receive and review additional discovery and to schedule a viewing of withheld discovery in the government's custody," "conduct any necessary investigation therefrom," "to review and analyze the relevant discovery," and "to prepare for jury trial"). Granting both requests to continue, this Court explained that, pursuant to 18 U.S.C. § 3161(h)(7), "the interests of justice outweigh the interests of the public and the Defendants in a speedy trial" because, among other reasons, "additional time is

7

needed for both parties to complete their investigations and to prepare adequately for a fair and thorough trial." (*See* ECF No. 35). The third motion filed Mr. Thomas, appointed to represent Mr. Kone following his repeated requests to replace his prior counsel, likewise sought additional time for trial preparation and was granted for the same reasons as the prior motions to continue. (See ECF No. 52).

Under the Speedy Trial Act, the need for counsel to effectively prepare for trial is a proper factor courts consider when making an ends-of-justice determination. See 18 U.S.C. § 3161(h)(7)(B)(iv) (stating that "[w]hether the failure to grant . . . a continuance . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation" is a proper factor for a district court to consider). That Mr. Kone did not consent to his counsel's requests for additional time does not render the continuances invalid, as the plain terms of the Act provide that an ends-of-justice continuance may be granted "at the request of the defendant *or* his counsel." 18 U.S.C. § 3161(h)(7)(A) (emphasis added). *See United States v. Sobh*, 571 F.3d 600, 603 (6th Cir. 2009) (ends-of-justice continuance "does not require a defendant's consent"); *United States v. Herbst*, 666 F.3d 504, 510 (8th Cir. 2012) ("We agree with the Sixth Circuit that the plain language of section 3161(h)(7)(A) 'does not require a defendant's consent to the continuance.'"(quoting *Sobh*, 571 F.3d at 603) (internal quotation marks omitted))); *United States v. Lynch*, 726 F.3d 346 (2d Cir. 2013) (collecting cases and finding that defendant's lack of consent to continuance requested by counsel does not preclude exclusion from the speedy trial period). the same day that Mr. Kone filed his *pro se* motion to appoint new counsel (ECF No. 31).

Nor was Mr. Kone's consent required for this Court to grant Mr. Griffin's continuance on ends-of-justice grounds. *See United States v. Cope*, 312 F.3d 757, 776 (6th Cir. 2002) ("Where, as is the case at bar, multiple defendants are charged together and no severance has been granted, one speedy trial clock governs." (citing 18 U.S.C. § 3161(h)(7)); *Sobh*, 571 F.3d at 602 (6th Cir. 2009)

(noting that "the excludable delay of one defendant is also excluded for his codefendants") (citing *United States v. Blackmon*, 874 F.2d 378, 380 (6th Cir. 1989); *United States v. Kellam*, 568 F.3d 125, 137-38 nn. 17, 19 (4th Cir. 2009) (holding no Speedy Trial Act violation occurred where pretrial delays were caused by defendant's or co-defendant's motions, including various motions for continuances). Mr. Kone's serial filing of pretrial motions, moreover, including those challenging various appointments of counsel, has created more than enough excludable time to satisfy the Act. Even absent his co-defendant's request for a continuance, for example, Mr. Kone filed a *pro se* motion to appoint new counsel the same day as Mr. Griffin's motion (dated even earlier), which would have also resulted in excludable delay under the Speedy Trial Act. *See United States v. Kestler*, 1:22-cr-045, 2 (S.D. Ohio Jun. 13, 2023) ("A defendant's request for new counsel and for new counsel to review the case and prepare a defense for trial is excludable under the Speedy Trial Act.") (citing *United States v. White*, 129 Fed. Appx. 197, 202 (6th Cir. 2005) (two-month, open-ended period of delay attributable to appointment of new counsel excludable from Speedy Trial Act)).

Thus, based on the foregoing, the bulk of the delay resulting from the continuances that Mr. Kone challenges, and his pretrial motions, is excluded from the speedy trial calculus. Because Mr. Kone's trial will commence on December 30, 2024, within the seventy-day non-excludable period contemplated by the statute, his motion to dismiss the charges in the original indictment under the Speedy Trial Act (ECF No. 79) is **DENIED.**

### III. CONCLUSION

For the reasons set forth above, the Motion to Dismiss under the Speedy Trial Act (ECF No. 79) is **DENIED**.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE**

**DATED: October 29, 2024**